UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| ANDRE WINSTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 14-CV-3101 |
| | ) | |
| JAMIE WELLBORN, MENARD | ) | |
| WARDEN, AND UNKNOWN | ) | |
| WRIT OFFICERS, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, proceeding pro se and detained in the Rushville

Treatment and Detention Center, seeks leave to proceed in forma

pauperis.

The "privilege to proceed without posting security for costs and

fees is reserved to the many truly impoverished litigants who,

within the District Court's sound discretion, would remain without

legal remedy if such privilege were not afforded to them." Brewster

v. North Am. Van Lines, Inc., 461 F.2d 649, 651 (7th Cir. 1972).

Additionally, a court must dismiss cases proceeding in forma

pauperis "at any time" if the action is frivolous, malicious, or fails to

state a claim, even if part of the filing fee is paid.  28 U.S.C. §

1915(d)(2).  Accordingly, this Court grants leave to proceed in forma pauperis only if the allegations state a federal claim for relief.

In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. Turley v. Rednour, 729 F.3d 645, 649 (7th Cir. 2103).  However, conclusory statements and labels are insufficient.  Enough facts must be provided to "'state a claim for relief that is plausible on its face.'"  Alexander v. U.S., 721 F.3d 418, 422 (7th Cir. 2013)(citation omitted).

## ALLEGATIONS

Plaintiff was incarcerated in Menard Correctional Center when his mother sent him civilian clothes to wear on his impending release from prison scheduled for December 21, 2013.  Instead of being released, Plaintiff was transferred directly from a state court proceeding to the Rushville Treatment and Detention Center on December 19, 2013.   Plaintiff was unable to retrieve his property, including his civilian clothes, from Menard before he was transferred to Rushville.  Plaintiff's attempt to recover his civilian clothes from Menard have been unsuccessful.  The clothes were not in Plaintiff's property boxes that were eventually sent from Menard to Rushville.  Additionally, officials at the Menard Correctional

Center are trying to or did wrongfully collect $20.35 from Plaintiff's prison trust fund.

## ANALYSIS

The Fourteenth Amendment to the United States Constitution prohibits the governmental deprivation of a citizen's life, liberty, or property without due process of law. However, that does not mean that all wrongful property deprivations by government actors violate the Constitution. Negligent property deprivation does not violate the Constitution. McGowan v. Hulick, 612 F.3d 636, 640 (7th Cir. 2010). Nor does the intentional, unauthorized deprivation of property violate the U.S. Constitution, provided that adequate remedies are available under state law. Hudson v. Palmer, 468 U.S. 517, 533 (1984); Murdock v. Washington, 193 F.3d 510, 513 (7th Cir. 1999), cert. denied, 529 U.S. 1134 (2000). The State of Illinois provides an adequate remedy for Plaintiff's loss in the Illinois Court of Claims. Loman v. Freeman, 229 Ill.2d 104, 113 (2008)("Where the alleged negligence is the breach of a duty imposed on the employee solely by virtue of his state employment, the Court of Claims has exclusive jurisdiction."); *see also* Stewart v. McGinnis, 5 F.3d 1031, 1035-36 (7th Cir. 1993); Davenport v. City of Chicago, 653 F.Supp.2d 885 (N.D. Ill. 2009)("Pursuant to state law, [Plaintiff]

may file a tort claim in the Illinois Court of Claims for her property losses.")(other citations omitted).  For these reasons, the Court sees no possibility of a federal claim based on Plaintiff's allegations.

**IT IS ORDERED:**

1.    Plaintiff's petition to proceed in forma pauperis is denied (2) because Plaintiff fails to state a federal claim.  Any amendment would be futile because the negligent or unauthorized deprivation of Plaintiff's property did not violate Plaintiff's federal rights.

2.    This case is dismissed and closed.  If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this court within 30 days of the entry of judgment.  Fed. R. App. P. 4(a).  A motion for leave to appeal in forma pauperis should set forth the issues Plaintiff plans to present on appeal.  See Fed. R. App. P. 24(a)(1)(C).

ENTERED:   May 29, 2014

FOR THE COURT:

<u>          **s/Sue E. Myerscough**          </u>
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE